# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | CRIMINAL ACTION |
| | : | NO. 01-217-02 |
| v. | : | |
| | : | CIVIL ACTION |
| ERIK ISLAS, | : | NO. 09-5756 |
|     Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                                                February 9, 2011

Before the court is the petition for writ of habeas corpus filed by Erik Islas. For the reasons set forth below, I will dismiss the petition in its entirety and refrain from issuing a certificate of appealability.

## I.     FACTS[1]

On February 13, 2001, Erik Islas was arrested after police pulled him over driving a truck containing approximately 370 pounds of marijuana. He was ultimately charged with taking part in a conspiracy to transport marijuana from Arizona to Philadelphia and other cities in the Northeast United States. On May 16, 2001, a Grand Jury in the Eastern District of Pennsylvania returned a superceding indictment against Islas and seven co-defendants, charging him with conspiracy to distribute marijuana and with three counts of possession of marijuana with intent to distribute. Islas's case was assigned to the

---

[1] The following facts are adopted from the record.

Honorable Clarence Newcomer.

Following issuance of the indictment, Islas filed a motion to suppress the statements he made to police following his arrest. On February 24, 2003, the day set for trial, Judge Newcomer held a hearing on Islas's motion to suppress. At that hearing, after the testimony of a number of witnesses, Islas announced his intention to plead guilty. Pursuant to an agreement with the government, he pleaded guilty to one count of conspiracy to distribute marijuana pursuant to 21 U.S.C. § 846 and one count of possession with intent to distribute more than 100 kilograms of marijuana pursuant to 21 U.S.C. § 841(a)(1). On June 22, 2005, Judge Newcomer sentenced Mr. Islas to 225 months' incarceration and a five year term of supervised release, a sentence within the applicable guideline range of 188 to 235 months. Mr. Islas was represented by Neil Jokelson, Esq. at all relevant times.

Mr. Islas appealed his conviction and sentence, and on May 30, 2008, the Third Circuit affirmed the District Court's judgment in an unpublished opinion. See United States v. Islas, 279 Fed.Appx. 169 (3d Cir. May 30, 2008). Mr. Islas filed a timely *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2255. He raises three claims: (1) that his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea"; (2) that his conviction was obtained by the unconstitutional failure of the government to disclose favorable evidence

to the defense; and (3) ineffective assistance of counsel.[2]

## II. STANDARD OF REVIEW

Mr. Islas filed his petition *pro se*. *Pro se* pleadings are traditionally construed quite liberally. However, a *pro se* petitioner is not excused from the duty to prove a "set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594 (1972). A prisoner in custody may move the sentencing Court to "vacate, set aside, or correct" a sentence imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Section 2255 permits habeas relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235 (1979)).

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions

---

[2] Mr. Islas filed his initial petition for writ of habeas corpus with this Court without using the proper form designated for such petitions, and was directed by the Court to complete the proper form and return it. See Erik Islas Memorandum in Support of Petition for Writ of Habeas Corpus ("Mem."), Docket No. 425. Mr. Islas re-filed his petition on the proper form but did not caption his three grounds for relief in the same manner he had in the initial memorandum. In the grounds for relief cited in the properly filed form, he refers to his initial memorandum multiple times. See Erik Islas Petition ("Petition"). Therefore, I will construe Mr. Islas's petition by referring to the original memorandum where possible.

of law with respect thereto." 28 U.S.C. § 2255(b). Conversely, a court may dismiss a Section 2255 motion where the records and files show conclusively that the movant is not entitled to relief. United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998). Therefore, a habeas petitioner is procedurally barred from asserting a claim in a § 2255 petition that he could have, but failed to raise in his direct appeal. See United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584 (1982). Once claims have been procedurally defaulted, the petitioner can only overcome the procedural bar by showing "cause" for the default and "actual prejudice" from the alleged error or that he is "actually innocent." Id. at 167. "In this context, 'cause' consists of 'something external to the petitioner, something that cannot be fairly attributable to him,' and 'prejudice' means that the alleged error 'worked to [the petitioner's] actual and substantial disadvantage.'" United States v. Rodriguez, 153 F. Supp. 2d 590, 594 (E.D.Pa. 2001) (citing Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546 (1991) and Frady, 456 U.S. at 170, 102 S.Ct. 1584).

Importantly, however, a defendant need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel. See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir.1993). Ineffective assistance of counsel claims are generally not considered on direct appeal and are best brought by the defendant in a collateral attack

such as this. United States v. Thornton, 327 F.3d 268, 272 (3d Cir. 2003). Therefore, claims properly dismissed as procedurally defaulted because they were not raised on direct appeal are appropriately considered in connection with an ineffective assistance of counsel claim. See DeRewal, 10 F.3d at 104-05. A defendant seeking relief under § 2255 on an ineffective assistance of counsel claim must show that: (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and (2) the defendant suffered prejudice as a result - meaning, but for counsel's deficient performance, the result of the proceeding would have been different, i.e. the deficiency deprived the defendant of "a trial whose result is reliable." Id.; Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

A habeas petitioner is also barred from asserting, in a section 2255 petition, "questions which were raised and considered on direct appeal." DeRewal, 10 F.3d at 105 n.4; see also United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979). Moreover, "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).

## III. DISCUSSION

### A. Claim One - Islas's Guilty Plea Was Not Made Voluntarily

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley, 523 U.S. at 621, 118 S.Ct. 1604. Additionally, the validity of a guilty plea may only be attacked on collateral review if it was first challenged on direct review. Id. A review of the transcript of Mr. Islas's plea hearing reveals absolutely no evidence that his plea was other than knowing and voluntary.

However, Mr. Islas asserts an ineffective assistance of counsel claim predicated on his counsel's failure to ensure that his plea was knowing and voluntary, and that claim is properly considered here. Specifically, Islas argues his counsel "prevented him from entering a knowing and voluntary plea because counsel failed to inform [him] that he could receive a guideline sentence." Mem., 9. The two part test for ineffective assistance of counsel claims set forth in Strickland applies to a habeas petitioner's challenge to his guilty plea on this ground. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366 (1985). To satisfy the second prong requiring prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. During the guilty plea colloquy, Judge Newcomer advised Mr. Islas, prior to accepting his plea, that the maximum sentence Mr. Islas faced for his convictions was 80 years' imprisonment, a sentence far above the

sentence Mr. Islas ultimately received. Suppression/Change of Plea Hr'g 120:11-19, Feb. 24, 2003. Therefore, even if counsel failed to inform Mr. Islas of the guideline range for his sentence, and even if this constituted unreasonable assistance, Mr. Islas has conclusively failed to demonstrate prejudice, since he was made aware of the highest sentence he could receive prior to pleading guilty. Because he had the information he claims his counsel should have provided and chose to enter a guilty plea nonetheless, he cannot show a reasonable probability that he would have insisted on going to trial had counsel's performance differed.

### B.      Claim Two - Prosecutorial Misconduct

Mr. Islas sets forth a number of claims relating to the government's use, at his sentencing, of the testimony of Islas's co-conspirator and cousin, Sergio Islas. Even construing Mr. Islas's complaint liberally, it is difficult to discern the exact nature of these claims. In his original memorandum, Mr. Islas asserts as his third ground for relief that "the government knowingly and willfully proffered perjured testimony from Sergio Islas, whose testimony was bought and paid for, thereby permitting the Court to increase this petitioner's sentence with materially false testimony." Mem., 2. In his properly filed petition, he does not specifically mention Sergio Islas in any of the three grounds for relief he sets forth; however, as his second ground for relief, he asserts that his conviction was obtained "by the unconstitutional failure of the prosecution to disclose to the

Defendant evidence favorable to the Defendant." Petition, 6. I will assume, therefore, that the second ground for relief in his properly filed petition refers, at least in part, to the third ground asserted in his initial memorandum.

Sergio Islas testified before Judge Newcomer at his own sentencing on April 7, 2003 concerning Erik Islas's leadership role in the conspiracy. The government explains that Sergio Islas was called to testify on this date because he was living in Arizona at the time, and having him present testimony concerning Mr. Islas when he was already in Philadelphia "relieved the Bureau of Prisons of the task of returning Sergio Islas to Philadelphia for Erik Islas's separate sentencing date." Gov. Resp., 2. Sergio Islas testified that he had been recruited by Mr. Islas to package, weigh, and break down marijuana for sale and that Mr. Islas provided instructions to Sergio for breaking down the marijuana, paid for Sergio to travel to Philadelphia, and subsequently paid him for his work. Evidentiary Hr'g 6:22-12:19, Apr. 7, 2003. On cross examination, Sergio Islas testified that he was a heavy cocaine user at the time he was working with Mr. Islas, and admitted that his memory may have been somewhat impaired as a result of his drug use. Id. at 19:23-20:11.

Mr. Islas claims that, at this hearing, Sergio Islas "committed perjury by stating under oath that he never proffered to [the] Government [] prior to this hearing." Mem., 7. He claims the government elicited perjured testimony from Sergio Islas "on the supervisory role that Islas was alleged to have been the boss [of the conspiracy]" and

because it failed to disclose the benefits Sergio Islas secured from the government for his testimony in connection with Mr. Islas's sentencing. See Mem., 11. As set forth above, a habeas petitioner is procedurally barred from asserting a claim in a § 2255 petition that he could have, but failed to raise in his direct appeal. Frady, 456 U.S. at 165, 102 S.Ct. 1584. Procedurally defaulted claims can only be presented where a petitioner shows "cause" for the default and "actual prejudice" from the alleged error or that he is "actually innocent." Id. at 167. The cause and prejudice standard "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed." United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). Mr. Islas has made no effort to demonstrate cause for his failure to raise these claims on direct appeal. Therefore, they are not properly considered grounds for relief.

Liberally construing his complaint, it appears that Mr. Islas links these claims to his ineffective assistance of counsel claim. Therefore, I will address them only in that context.

### C. Claim Three - Ineffective Assistance of Counsel

In the caption of his original memorandum, Mr. Islas claims his trial counsel was ineffective for failing to conduct a reasonable investigation, failing to conduct witness interviews, and failing to investigate exculpatory witnesses. Mem., 1. However, in the body of his memorandum, he does not pursue any of these general allegations, and

certainly does not present specific evidence sufficient to meet the high burden set forth in Strickland. These are not adequate grounds for relief. I will therefore address only the specific claims he sets forth in the body of his memorandum.[3]

Mr. Islas argues his counsel "failed to present evidence and dispute facts prior to Islas's sentencing at which the Court thereafter disallowed Islas's counsel to present any evidence to demonstrate that Sergio Islas had committed perjury during the testimony on April 7, 2003." Mem., 9. On direct appeal, Mr. Islas raised the claim that the District Court erred by refusing counsel's request to present evidence at the sentencing hearing. The Circuit Court rejected this claim, ruling that defense counsel simply sought to cross examine Mr. Islas's co-conspirators a second time at sentencing in order to contest Mr. Islas's guilt. Because he had already pleaded guilty, the Court reasoned, "the District Court did not abuse its discretion and relied on a sufficient factual basis to impose sentencing." Islas, 279 Fed.Appx. at 171.

Mr. Islas's claim appears to be that, had counsel not been ineffective and raised objections about Sergio Islas's testimony at the proper time, the outcome of Mr. Islas's sentencing would have been different. Specifically, he asserts that, had counsel been effective, Islas would have made two "extremely material" points. The first is that "Sergio [Islas] was given a deal prior to giving testimony on April 7, 2003" and the

---

[3] Because I have already addressed whether his counsel rendered ineffective assistance with respect to Mr. Islas's decision to plead guilty, I will not revisit that claim again here.

-10-

second is that Sergio Islas was "submitting materially false testimony at the Government's behest." Mem., 9. Even assuming Mr. Islas's counsel somehow acted deficiently in not adequately bringing to the District Court's attention that Sergio Islas testified for the government against Mr. Islas, Mr. Islas has failed entirely to show prejudice under Strickland. Because Sergio Islas was a co-defendant of Mr. Islas's and was sentenced by Judge Newcomer, it is clear that Judge Newcomer would have been aware of the full extent of Sergio Islas's cooperation with the government. On the second point, Mr. Islas fails to identify the subject of the "materially false" testimony that further cross-examination of Sergio Islas would have revealed. Mr. Islas does refer vaguely to testimony from Sergio Islas concerning an individual named Alex Padrone. Mem., 6-7. However, it was Mr. Islas's counsel, on cross-examination, who elicited testimony from Sergio Islas concerning his relationship with Padrone. Evidentiary Hr'g 24:24-26:12. Mr. Islas does not describe with any degree of particularity what additional information about Padrone a more extensive cross examination would have revealed, and therefore, he has conclusively failed to demonstrate that prejudice resulted from inadequate cross-examination of Sergio Islas.

IV.     **CONCLUSION**

Mr. Islas fails to set forth any meritorious ground for relief. I will deny his *pro se* petition for writ of habeas corpus and will not issue a certificate of appealability.